[Cite as *State v. Cline*, 2026-Ohio-2565.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,
CITY OF RAVENNA,

          Plaintiff-Appellee,

- vs -

SHIRLEY A. CLINE,

          Defendant-Appellant.

CASE NO. 2025-P-0091

Criminal Appeal from the
Municipal Court, Ravenna Division

Trial Court No. 2009 TRD 16536 R

---

# OPINION AND JUDGMENT ENTRY

Decided: July 6, 2026
Judgment: Reversed and remanded

---

*Connie J. Lewandowski*, Portage County Prosecutor, and *Timothy P. Bogner*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Sam A. Zingale*, 17443 Clifton Boulevard, Lakewood, OH 44107 (For Defendant-Appellant).

MATT LYNCH, P.J.

{¶1} Appellant, Shirley A. Cline, appeals the judgment of the Portage County Municipal Court, Ravenna Division, overruling her motion to expunge her record. After a careful review of Cline's assignment of error, challenging the municipal court's failure to apply R.C. 2952.61(B)(1) to her traffic offense conviction when her other charges qualified for expungement, as well as a review of the record and pertinent law, we determine Cline's argument has merit. We reverse the court's judgment and remand the matter for further proceedings in accordance with this opinion.

{¶2} In 2011, a jury found Cline guilty of operating a vehicle left of center, a minor misdemeanor, in violation of R.C. 4511.25(A), and not guilty of the remaining charges of vehicular homicide, a first-degree misdemeanor, in violation of R.C. 2903.06(A)(3); vehicular manslaughter, a second-degree misdemeanor, in violation of R.C. 2903.06(A)(4) and (D); four counts of negligent assault, third-degree misdemeanors, in violation of R.C. 2903.14; and operation of a motor vehicle without reasonable control, a minor misdemeanor, in violation of R.C. 4511.202.

{¶3} On September 25, 2025, Cline filed an "application to expunge records of nonconviction pursuant to R.C. 2953.32." On October 15, 2025, Cline filed a memorandum in support of her application, contending she was entitled to expunge her records pursuant to R.C. 2953.33(A), because her traffic offense conviction fell within the exception of R.C. 2953.61(B)(1), and the other charges were eligible for sealing or expungement.

{¶4} On February 4, 2026, the court held a hearing on the motion, pursuant to Marsy's Law, to allow the victims an opportunity to be heard. The State objected to the motion at the outset, contending Cline's charges were not eligible for expungement. The court then gave the victims an opportunity to speak. One of the victims stated Cline never expressed remorse, she was reopening "old wounds" from 17 years ago by seeking expungement, she never attempted to contact the victims or apologize, and she acted inappropriately at the scene of the motor vehicle accident and at the hospital after his mother died. The victim felt Cline needed to "live with what she did." Cline attempted to clarify her actions at the scene of the accident and the hospital. Cline further explained before trial, she was advised not to contact the victims with any act of sympathy because

her acts could be taken as an admission of guilt, and she heard angry and hurtful comments at the end of the trial, which led her to believe she should stay away from the family.

{¶5} The court reviewed the jury only found Cline guilty of driving left of center, a "non-sealable" minor misdemeanor traffic offense. In a judgment entry filed November 21, 2025, the court denied Cline's application for an expungement "[d]ue to the fact that this offense is a violation of Chapter 4511."

{¶6} Cline timely filed her appeal and raises one assignment of error for our review:

{¶7} "The trial court erred in overruling defendant-appellant's motion to expunge her record based on the trial court's erroneous state [sic] belief that there are no circumstances where traffic related charges pursuant to Ohio Revised Code, Chapter 4511 can be expunged."

{¶8} In her sole assignment of error, Cline contends the municipal court committed reversible error by failing to apply R.C. 2953.61(B)(1), the exception allowing expungement in cases of multiple charges and one otherwise ineligible traffic offense conviction.

{¶9} "An appellate court generally reviews a trial court's decision on an application for expungement for an abuse of discretion." *State v. E.K.*, 2024-Ohio-5496, ¶ 8 (10th Dist.). An abuse of discretion is "the trial court's 'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed. 2004). "However, where questions of law

Case No. 2025-P-0091

are in dispute, an appellate court reviews the trial court's determination de novo." *E.K.* at ¶ 8, citing *State v. Pariag*, 2013-Ohio-4010, ¶ 9.

{¶10} "Expungement is a statutorily created privilege, not a right." *Id.* at ¶ 9. "Because expungement is an 'act of grace created by the state,' a court may grant an expungement only when the applicant meets all statutory requirements for eligibility." *Id.*, citing *State v. Futrall*, 2009-Ohio-5590, ¶ 6.

{¶11} At the outset, we note that "expungement" and "sealing" are not the same, although the terms are often used interchangeably (as in this case by the parties and the court) and both are governed by R.C. Chapter 2935. "'Expungement occurs when a conviction is completely erased from one's record. Sealing is when the records of a conviction are filed in a "separate, secured location" and "cannot be seen by most people."'" (Citation omitted.) *State v. E.H.*, 2022-Ohio-4289, ¶ 7, fn. 2 (8th Dist.), quoting *State v. D.D.G.*, 2019-Ohio-4982, ¶ 5 (8th Dist.); *see also* R.C. 2953.31(B)(2)(b) ("expunge" means "[t]o destroy, delete, and erase a record as appropriate for the record's physical or electronic form or characteristic so that the record is permanently irretrievable").

{¶12} The municipal court found Cline's minor misdemeanor traffic conviction under R.C. 4511.25(A) could not be expunged pursuant to R.C. 2953.32(A)(1)(a), which provides: "Sections 2953.32 and 2953.34 of the Revised Code do not apply to . . . [c]onvictions under Chapter . . . 4511. of the Revised Code . . . ."

{¶13} Cline argues the court should have applied the exception contained in R.C. 2953.61(B)(1), which provides:

> When a person is charged with two or more offenses as a result of or in connection with the same act and the final disposition of one, and only one,

Case No. 2025-P-0091

of the charges is a conviction under any section of Chapter . . . 4511., other than section 4511.19 or 4511.194 of the Revised Code, . . . and if the records pertaining to all the other charges would be eligible for sealing or expungement under section 2953.33, 2953.39, or 2953.521 of the Revised Code in the absence of that conviction, the court may order that the records pertaining to all the charges be sealed or expunged. In such a case, the court shall not order that only a portion of the records be sealed or expunged.

{¶14} In *State v. Williamson*, 2025-Ohio-2402 (7th Dist.), *appeal not accepted*, 2025-Ohio-4853, the Seventh District succinctly explained, "This statute contains a partial exception to the more general rule that traffic convictions cannot be sealed. Pursuant to this statute, certain traffic convictions may be sealed if the following conditions are met: multiple charges arose as a result of, or in connection with, the same act; one of the charges was a traffic violation that resulted in a conviction; the traffic conviction qualifies for sealing under the statute; and all the other charges also qualify for sealing. If these conditions are met, the court may seal all of the records. It may not seal only a portion of the records." *Id.* at ¶ 29.

{¶15} In short, Cline was charged with multiple offenses as a result of or in connection with the same act, and the final disposition was only one non-R.C. 4511.19 or R.C. 4511.194 traffic conviction, thus all her records may be expunged (but not a portion of them) under R.C. 2953.61(B)(1) if the court finds that the records of the other charges are eligible for expungement after holding a hearing and making the factual findings and balancing the interests as required under R.C. 2953.32 and/or R.C. 2953.33. *See, e.g., State v. McVean*, 2022-Ohio-2753, ¶ 7 (1st Dist.), *appeal not accepted*, 2022-Ohio-4380 (determining R.C. 2953.61(B)(1) contains an exception for an otherwise ineligible speeding violation when a person was charged with two offenses connected to the same act, but convicted of only one); and *State v. Christen*, 2021-Ohio-1647, ¶ 15 (1st Dist.)

Case No. 2025-P-0091

(applying the plain language of R.C. 2953.61(B)(1) to former R.C. 2953.52 (now R.C. 2953.33), if the sole conviction is under R.C. Chapter 4511., the trial court has discretion to "order that the records pertaining to all the charges be sealed").

{¶16} The State argues R.C. 2953.32 is irreconcilable with R.C. 2953.61, and R.C. 2953.32 is controlling because it was amended later (at the time Cline's motion was filed, R.C. 2953.32 was last amended on March 30, 2025,[1] and R.C. 2953.61 was last amended on April 4, 2023). The State points to R.C. 1.52(A), which instructs: "If statutes enacted at the same or different sessions of the legislature are irreconcilable, the statute latest in date of enactment prevails." In support, the State points to certain language that was omitted from R.C. 2953.32 in the April 4, 2023 amendments and never reintroduced in the subsequent amendments.

{¶17} This argument is unpersuasive. The plain meanings of the statutes are not irreconcilable; thus, any statutory construction is unnecessary. *See Jones v. Xenia*, 2011-Ohio-5545, ¶ 29 (2d Dist.) (when statutes are not irreconcilable, R.C. 1.52 has no application). "'"A guiding principle of statutory interpretation is that the statute must be construed as a whole and each of its parts must be given effect so that they are compatible with each other and related enactments."'" *Dillon v. Farmers Ins. of Columbus, Inc.*, 2015-Ohio-5407, ¶ 17, quoting *State v. Everette*, 2011-Ohio-2856, ¶ 25, quoting *Brookwood Presbyterian Church v. Ohio Dept. of Edn.*, 2010-Ohio-5710, ¶ 26 (Brown, C.J., dissenting). "Further, 'we may not restrict, constrict, qualify, narrow, enlarge, or abridge the General Assembly's wording.'" *Id.*, quoting *State ex rel. Carna v. Teays Valley Local School Dist. Bd. of Edn.*, 2012-Ohio-1484, ¶ 18. Fundamentally, this

---

1. R.C. 2953.32 was amended again on September 30, 2025.

Case No. 2025-P-0091

court "must presume that the General Assembly is aware of previously enacted legislation." *State v. Conyers*, 87 Ohio St.3d 246, 250-251 (1999).

{¶18} The April 4, 2023 amendments to which the State refers amended both statutes. This legislation, passed by 2022 S.B. 228, made sweeping changes to the sealing and expungement of criminal records, including distinguishing between expungement and sealing, expanding the types and numbers of offenses that can be expunged or sealed, making certain convictions ineligible (e.g., domestic violence and violation of a protection order), changing the waiting periods, and requiring courts to decide each application for sealing or expungement on a case-by-case basis by omitting the definition and use of the term "eligible offender." 2022 S.B. 228 retained the preexisting law on sealing multiple records in R.C. 2953.61, merely broadening the statute to apply to expungement as well as sealing. *See* Papp & Maki, Final Analysis of S.B. 288, p. 69, Ohio Legis. Service Commission (2023) (explaining preexisting R.C. 2953.61(B)(1) was "retained by the Act," and under that statute, "[w]hen a person is charged with two or more offenses as a result of or in connection with the same act and the final disposition of one, and only one, of the charges is . . . the Traffic Law-Operation of a Motor Vehicle (except operating a vehicle while intoxicated and physical control violations), . . . and if the records pertaining to all the other charges would be eligible for sealing in the absence of that conviction, the court may order that the records pertaining to all the charges be sealed").

{¶19} Accordingly, Cline's sole assignment of error has merit, since the municipal court erred by failing to hold a hearing as directed by R.C. 2953.32 and/or R.C. 2953.33, and by failing to apply R.C. 2953.61(B)(1).

Case No. 2025-P-0091

{¶20} The judgment of the Portage County Municipal Court, Ravenna Division, is reversed, and this matter is remanded for further proceedings in accordance with the foregoing.


EUGENE A. LUCCI, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2025-P-0091

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, it is the judgment and order of this court that the judgment of the Portage County Municipal Court, Ravenna Division, is reversed, and this matter is remanded to the trial court for further proceedings consistent with the opinion.

Costs to be taxed against appellee.

_____
PRESIDING JUDGE MATT LYNCH

_____
JUDGE EUGENE A. LUCCI,
concurs

_____
JUDGE ROBERT J. PATTON,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-P-0091